IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| TIMOTHY LAMONT HOWARD, | * | |
| | * | |
| Petitioner, | * | |
| vs. | * | No. 5:07cv0047 SWW |
| | * | |
| | * | |
| LARRY NORRIS, Director, | * | |
| Arkansas Department of Correction, | * | |
| | * | |
| Respondent. | * | |

## ORDER

Timothy Lamont Howard, an inmate in custody of the Arkansas Department of Correction, is under two sentences of death for the 1997 murders of Brian and Shannon Day and is also serving a thirty-year sentence for the attempted capital murder of Trevor Day, the Days' then seven-month-old child. On March 9, 2007, Howard filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, that exceeds 300 pages in length and includes twenty-three claims for relief, with many of those claims including sub-claims. By Order dated March 26, 2007, this Court granted a motion of respondent Larry Norris for an extension of until and including June 2, 2007, in which to file his response to Howard's petition for writ of habeas corpus.

Soon after granting Norris' motion for an extension of time, this Court discovered that, with a few minor exceptions, Howard's petition cites no authority in support of his claims. Howard does not even cite *Strickland v. Washington*, 466 U.S. 668 (1994), and Eighth Circuit precedent applying *Strickland* in support of his ineffective assistance of counsel claims. By not knowing the specific cases and/or other authority upon which Howard bases his claims for habeas relief, respondent Norris will be unable to determine whether it is appropriate to make an

argument in his response that Howard's reliance upon those cases and/or other authority is improper. Howard, in turn, will not be well-served by the petition as it now stands as full and careful consideration of his claims is hampered by unsupported arguments.[1]

Accordingly, within thirty (30) days of the date of this Order, the Court directs that Howard file an amended petition for writ of habeas corpus that sets forth current legal and, where applicable, other authority for <u>each</u> of his asserted claims for habeas relief. In his amended petition, Howard is directed to include a table of contents with a listing of the cases and other authority upon which he relies and is directed to include those cases and authority, with appropriate discussion, in the applicable places within the body of the petition.[2] Respondent Norris' response to Howard's amended petition for writ of habeas corpus will be due no later than sixty (60) days from the date of entry in this Court of Howard's amended petition.

IT IS SO ORDERED this 5th day of April, 2007.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[1] The Court has never encountered a petition of this length, which in many cases would be considered excessive, nor one (other than pro se) that for the most part does not include authority in support of its claims.

[2] Howard also states he will allege additional claims for relief and will allege additional facts "after a full investigation, additional time, discovery, access to this Court's subpoena power, expansion of the record and an evidentiary hearing." Without ruling at this time on any request for discovery or an evidentiary hearing, the Court notes that habeas petitions are typically decided on the factual record developed in the state trial court – such petitions being by their nature similar to summary judgment proceedings in many ways – and, therefore, only in the minority of cases are evidentiary hearings held. *See Weeks v. Bowersox*, 119 F.3d 1342, 1354 (8th Cir. 1997) (en banc), *cert. denied*, 522 U.S. 1093 (1998). A decision to deny an evidentiary hearing is reviewed for an abuse of discretion. *Osborne v. Purkett*, 411 F.3d 911, 915 (8th Cir. 2005), *cert. denied*, 126 S.Ct. 1569 (2006). Concerning any claims for which a factual basis was not developed in state court, 28 U.S.C. § 2254(e)(2) provides that a court shall not conduct an evidentiary hearing unless the claim relies on a new rule of constitutional law or on a factual predicate that could not have been previously discovered through the exercise of due diligence and the facts would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense. *See, e.g, Moore-El v. Luebbers*, 446 F.3d 890, 900 (8th Cir.), *cert. denied*, 127 S.Ct. 673 (2006).