**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**TIMOTHY LAMONT HOWARD**                                                          **PETITIONER**

**5:07-CV-00047 BSM**

**LARRY NORRIS, Director of the
Arkansas Department of Correction**                                              **RESPONDENT**

## ORDER

Petitioner has moved for a preliminary evidentiary hearing to address Respondent's procedural defenses to his petition for habeas corpus. (Doc. No. 27). A response has been filed, as well as a reply. (Doc. Nos. 31, 34).

### I. PROCEDURAL HISTORY

The procedural history of this petition is as follows:

1.  March 9, 2007: Petitioner filed his petition for writ of habeas corpus. (Doc. No. 2);

2.  April 5, 2007: The court ordered Petitioner to file an amended petition that included citations and legal authority. (Doc. No. 6);

3.  April 18, 2007: The court granted Petitioner's motion for reconsideration and did not require Petitioner to file an amended petition. (Doc. Nos. 7 & 8);

4.  May 22, 2007: Petitioner filed his first amended petition for writ of habeas corpus correcting grammatical and typographical errors, but not substantively altering his petition. (Doc. No. 9);

5. September 6, 2007: The court found that it was extraordinarily difficult to determine Petitioner's claims or grounds for relief, as set forth in the habeas petitions, and ordered Petitioner to file an amended petition clarifying his arguments and providing legal authority. (Doc. No. 15);

6. December 7, 2007: Petitioner filed a second amended petition for writ of habeas corpus. (Doc. No. 18);

7. April 9, 2008: Respondent filed response to the second amended petition. (Doc. No. 20);

8. October 27, 2008: Petitioner filed a reply to Respondent's response and filed a motion for a preliminary evidentiary hearing to address Respondent's procedural defenses. (Doc. Nos. 27, 28);

9. December 5, 2008: Respondent filed a response opposing Petitioner's motion for a preliminary evidentiary hearing. (Doc. No. 31); and

10. January 14, 2009: Petitioner filed a reply to Respondent's response on the motion for preliminary hearing. (Doc. No. 34).

## II. DISCUSSION

Petitioner has filed a 174-page habeas petition with twenty-three claims and eleven separate requests in his prayer for relief. (Doc. No. 18). He has also filed a motion for a preliminary hearing on Respondent's procedural default defenses. As detailed above, the

parties have filed additional pleadings in response to the motion for a preliminary hearing. Additionally, Petitioner has submitted voluminous documents in support of his position.

Having reviewed the filings, it seems that Petitioner is requesting that the court do three things: (1) stay his petition and hold his case in abeyance while he returns to state court to exhaust his remedies; (2) conduct a preliminary evidentiary hearing on Respondent's procedural defenses; and (3) conduct an evidentiary hearing on the merits of his petition. (Doc. Nos. 18, 27, 28, & 34).

Although the motion for a preliminary hearing is before the court, the court finds that it would be a waste of judicial resources to address the hearing at this point in the litigation. The stay-and-abey issue must first be addressed.

## 28 U.S.C. § 2254 and *Rhines v. Weber*

Petitioner claims that his petition contains both exhausted and unexhausted claims and that he is, therefore, entitled to have his habeas petition stayed so that he can return to state court and resolve the unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269 (2005). A state prisoner must exhaust all available state court remedies before filing a federal habeas petition. 28 U.S.C. § 2254(b). Filing a federal petition with both exhausted claims and unexhausted claims, or a mixed petition, ordinarily will result in dismissal of the entire petition without prejudice, unless the petitioner chooses to delete the unexhausted claims from the petition or the federal court proceeds to deny the unexhausted claims on the merits. *Rose v. Lundy*, 455 U.S. 509, 522 (1982); 28 U.S.C. § 2254(b)(2).

The Supreme Court has recently held, however, that federal district courts have limited discretion to hold mixed petitions in abeyance in order to permit the petitioner to return to state court to complete exhaustion of all his claims. *Rhines*, 544 U.S. at 277. Moreover, in *Akins v. Kenney*, 410 F.3d 451, 455 (8th Cir. 2005), the Eighth Circuit held that:

> The Supreme Court has now squarely addressed this issue and determined that a district court faced with a mixed petition has discretion to enter a stay to allow the petitioner to present his unexhausted claims to the state court in the first instance, preserving the petitioner's ability to return to federal court for review of his perfected petition. The Court determined that the stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court, . . . and even showing good cause, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. If a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all.

(citing *Rhines*, 544 U.S. at 1534-35 (internal citations and quotations omitted)).

To determine whether a stay pending exhaustion would be appropriate, a petitioner must be given an opportunity to show that he has satisfied *Rhines*. In this case, Petitioner must show: (1) good cause for his failure to exhaust his claims first in state court; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in abusive litigation tactics or intentional delay. *See Rhines*, 544 U.S. at 277-79.

### III.  CONCLUSION

For the reasons set forth above, Petitioner is directed to file, within thirty (30) days of the entry date of this order, a statement listing the claims he believes have been exhausted and the ones that have not been exhausted.  For those claims that are not exhausted, Petitioner must present a *brief* argument as to whether the three-prong *Rhines* test has been satisfied.  Petitioner shall limit to two pages, for each claim, his arguments regarding the unexhausted claims.

Respondent is directed to respond to Petitioner's statement within thirty (30) days of the date in which the statement is filed.  Respondent is also ordered to limit his argument regarding the unexhausted claims to two pages for each unexhausted claim.

The court reserves ruling on all other issues pending the resolution of the stay-and-abey issue.

IT IS SO ORDERED this 2nd day of March, 2009.

_____
UNITED STATES DISTRICT JUDGE